**KANTER et, Plaintiff-Appellants, v. BOARD OF ZONING APPEALS, Defendant-Appellees.**

Common Pleas Court, Hamilton County.

No. A-165960.   Decided January 28, 1960.

Peter W. Swenty, for plaintiff-appellants.

C. Watson Hover, Pros. Atty., Raymond C. Wetherell, Asst. Pros. Atty., for defendant-appellee.

## OPINION

By BADER, J.:

This case comes before this Court on appeal from the ruling of The Board of Zoning Appeals denying the appellants the right to construct an additional ten trailer sites on the real estate owned by the appellants. The Zoning Resolution for the Unincorporated Territory of Hamilton County was adopted by The Board of County Commissioners of Hamilton County on August 10, 1949.

18

The appellants' trailer park was in existence at the time the resolution above referred to became effective and at that time, it operated with forty-two sites and the property in question was zoned as Residence "B" and "C." At the effective date of the resolution the operation of a trailer park became a non-conforming use.

Sec. 303.14 (B) R. C., as follows.

"To authorize, upon appeal, in specific cases, such variance from the terms of the zoning resolution as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the resolution will result in unnecessary hardship, and so that the spirit of the resolution shall be observed and substantial justice done."

Section 184 of the Resolution of the County Commissioners reads in part as follows: "The Board shall have the following powers and it shall be its duty:" and then follows Section 184.2 of the Resolution, referred to above, which contains the same language as §303.14 (B) R. C.

Section 184.9 of the Resolution of the County Commissioners reads as follows:

"To grant the extension of a non-conforming use or building upon a lot or tract of land occupied by such use or building, where such extension is necessarily incident to the existing use, provided, however, that the floor area of such extension or extensions shall not exceed in all fifty (50%) per cent of the floor area of the existing building or buildings devoted to a non-conforming use on the effective date of this Resolution and provided, further, that such extension or extensions shall be undertaken within five (5) years of the effective date of this Resolution."

In July of 1951, in Case No. A-124491, Common Pleas Court of Hamilton County, by authority of Section 184.9 extended the non-conforming use allowing sixty-three available sites which are all utilized at the present time.

In the case of State, ex rel., v. E. Cleveland, 169 Oh St 375, syllabus 3, the Court held:

"Where a municipality's zoning ordinances authorize the granting of a variance in hardship cases, where it is shown that a proposed use of the land in question is in harmony with the needs and nature of the community, and where no economically feasible use of such land may be made under the existing zone designation, it is an abuse of discretion on the part of the municipality's officials possessing the discretionary power to do so to refuse to grant a variance."

At the request of the appellant the Court viewed the premises and found that the neighborhood in which the trailer sites are located is not strictly residential but that there are a number of commercial business houses in close proximity.

The tract of land in question is the only remaining land owned by the appellants and adjoins the trailer site. The Court is of the opinion that the tract would be useless for any other purpose except that of a trailer site and would be a waste of valuable real estate and would deprive the owners of its use for any purpose, and be tantamount to taking the property without due process of law.

It appears to the Court also that the provisions of Section 184.9 of the

Resolution restricts the judgment and discretion of the Zoning Board of Appeals and is inconsistent with the authority granted in §303.14 (B) R. C. Section 184.9 is unreasonable if the change is found not to be contrary to the public interest and would result in unnecessary hardship and substantial justice would not be done.

It is the opinion of this Court that the Zoning Board of Appeals acts in a judicial capacity and, as such, its rulings concerning zoning are considered final orders which may be appealed to the Common Pleas Court.

It is the opinion of this Court that the change of zone for the property in question, requested by appellants, is not contrary to the public interest, and the failure to permit the right to construct an additional ten trailer sites would result in unnecessary hardship for them, and result in waste of a small tract of valuable real estate, and substantial justice would not be done.

It is the opinion of this Court that the decision of the Zoning Board of Appeals of Hamilton County, concerning the property in question, should be vacated, set aside and reversed and that a zoning certificate be issued to the appellants permitting them to extend their trailer sites to the .tract in question.